CARIO v. LIPPMAN et al.

(Supreme Court, Appellate Term. December 11, 1906.)

JUDGMENT—CONFORMITY TO PROOF.

    A contractor, under a contract for tile work, sued for $450 balance due and for $25 for extra work. The owner set up a counterclaim for $500 for breach of contract, and showed that the work was improperly done, and that doing the same over cost $300. *Held,* that a judgment in favor of the owner for the difference between the demand of the contractor and the amount of the counterclaim was erroneous, in the absence of evidence sustaining the owner's claim of $200.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 445.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Leonardo Cario against George J. Lippman and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Arthur Leventhal (Alfred J. Heine, of counsel), for appellant.
Henry L. Franklin, for respondents.

PER CURIAM. The action was brought to recover the sum of $450 as balance due for work, labor, and services under a written contract and for $25 for extra work. The defendants counterclaimed $500 damages for breach of contract. The justice found for the defendants in the sum of $32.72 damages and costs. Plaintiff appeals.

The contract was for tile work. The defendants claimed that plain-

tiff's work was improperly done. The court apparently allowed both plaintiff's claim and the defendants' counterclaim, giving judgment for the difference in favor of defendants. The latter claim that they are tearing up the work done by plaintiff and doing it over again. They told plaintiff, if he would finish his work, they would pay him, but that he did not do so. An expert tile setter says the work was improperly done by plaintiff, and he estimated the cost of doing the work over at $300. For what the additional $200 were allowed by the justice on defendants' counterclaim does not appear. While we do not wish to pass upon the weight of conflicting evidence. it seems to us that the ends of justice would be best served by allowing a new trial.

Judgment reversed, and new trial ordered, with costs to appellant abide the event.